IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

               Plaintiff,

    vs.                                 **Cr. No. 24-546 KWR**

**ORLYN VIGIL,**

               Defendant.

## PLEA AGREEMENT

1.      Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States of America, by the United States Attorney for the District of New Mexico, and the Defendant, **ORLYN VIGIL**, with the advice and counsel of his attorney, Dennis J. Candelaria. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## REPRESENTATION BY COUNSEL

2.      The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant=s attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

3.      The Defendant further understands the Defendant's rights:

        a.      to plead not guilty, or having already so pleaded, to persist in that plea;

1

 b. to have a trial by jury; and

 c. at a trial:

  1) to confront and cross-examine adverse witnesses,

  2) to be protected from compelled self-incrimination,

  3) to testify and present evidence on the Defendant's own behalf, and

  4) to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

4. The Defendant agrees to waive these rights and to plead guilty to Count 2 of the indictment, charging a violation of **18 U.S.C. §§ 1153 and 113(a)(3)**, that being Assault with a Dangerous Weapon.

## SENTENCING

5. The Defendant understands that the maximum penalty provided by law for this offense is:

 a. imprisonment for a period of not more than ten years;

 b. a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

 c. a term of supervised release of not more than three years to follow any term of imprisonment.   (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be

returned to another period of incarceration and a new term of supervised
release.);

d.    a mandatory special penalty assessment of $100.00; and

e.    restitution as may be ordered by the Court.

6.    The parties recognize that the federal sentencing guidelines are advisory and that
the Court is required to consider them in determining the sentence it imposes.

7.    The parties are aware that the Court will decide whether to accept or reject this plea
agreement. The Court may defer its decision as to acceptance or rejection until there has been an
opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure
11(c)(5), if the Court rejects this plea agreement, the Defendant shall have the right to withdraw
the Defendant's plea of guilty.

8.    Regardless of any other provision in this agreement, the United States reserves the
right to provide to the United States Pretrial Services and Probation Office and to the Court any
information the United States believes may be helpful to the Court, including but not limited to
information about the recommendations contained in this agreement and any relevant conduct
under U.S.S.G. § 1B1.3.

## ELEMENTS OF THE OFFENSE

9.    If this matter proceeded to trial, the Defendant understands that the United States
would be required to prove, beyond a reasonable doubt, the following elements for violations of
the charges listed below:

Count 2: 18 U.S.C. §§ 1153 and 113(a)(3), that being Assault with a Dangerous Weapon:

*First*:        Defendant assaulted the victim with a dangerous
                weapon;

3

| | |
|---|---|
| *Second*: | Defendant intended to do bodily harm to the victim; |
| *Third*: | Defendant is an Indian, as a federally defined; |
| *Fourth*: | The assault occurred within Indian Country, as federally defined. |

## DEFENDANT=S ADMISSION OF FACTS

10.    By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

**On November 16, 2021, I, Orlyn Vigil, assaulted Jane Doe. We argued and I got upset. I struck Jane Doe and put my hands around her neck. I threw Jane Doe into some trash cans and she struck her head on the bar of the trash can holder. Jane Doe then tried to go outside to call police, but I pushed her to the ground from behind. Jane Doe walked toward her vehicle when I knocked her to the ground with my Ford Mustang at a slow speed. This occurred within the exterior boundaries of Jicarilla Apache Nation and I am a member of Jicarilla Apache Nation.**

4

By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty and agrees to affirm the facts set forth above during the plea colloquy. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

11.    The United States and the Defendant recommend as follows:

The Defendant and the United States have made an AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a maximum sentence of 27 months of imprisonment is the appropriate disposition in this case. Defendant is permitted to advocate for a sentence below the cap, but the maximum sentence for Defendant under the agreement would be 27 months. The parties agree that the Defendant is entitled to a reduction of up to three levels for acceptance of responsibility under U.S.S.G. § 3E1.1. The Defendant further recognizes that while the Defendant's attorney may have made a prediction or estimate of the guideline range, the Defendant understands that the Court is not bound by any such estimate or prediction.

a.    The remaining components of the Defendant's sentence, including but not limited to any fine or restitution and the length and conditions of supervised release, shall be imposed by the Court after the presentation of evidence and/or argument by the parties.

b.    If the Court accepts the plea agreement, it must inform the Defendant that the agreed upon disposition will be included in the judgment, and the Court is bound by the terms of the plea agreement once the Court accepts the plea agreement.

## DEFENDANT'S ADDITIONAL AGREEMENT

12.    The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

13.    The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

14.    Except under circumstances where the Court, acting on its own, rejects this plea agreement (or functionally rejects it, as described below under the heading Violation or Rejection of Plea Agreement), the Defendant agrees that, upon the Defendant=s signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement. The Court has not acted on its own if its rejection of the plea agreement occurs after the Defendant

6

has expressly or implicitly suggested to the Court a desire or willingness to withdraw his or her plea or not to be bound by the terms of this plea agreement.

15.     By signing this plea agreement, the Defendant waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the Defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal.

16.     The Defendant will not willfully fail to appear for any court appearance in this matter, nor willfully fail to surrender as ordered for service of any sentence.

17.     The Defendant agrees not to engage in conduct that would constitute a new crime. Offenses that would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this paragraph's agreement.

18.     Defendant agrees not to engage in conduct that would constitute obstructing or impeding the administration of justice under U.S.S.G. § 3C1.1.

## RESTITUTION

19.     The parties agree that, as part of the Defendant=s sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim=s Restitution Act, 18 U.S.C. § 3663A if applicable; if § 3663A is not applicable, the Court will enter an order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664. The Defendant agrees and acknowledges that, as part of the Defendant's sentence, the Court is not limited to ordering restitution only for the amount involved in the particular offense or offenses to which the Defendant is entering a plea of guilty,

but may and should order restitution resulting from all of the Defendant's criminal conduct related to this case.

20.     No later than July 1 of each year after sentencing, until restitution is paid in full, the Defendant shall provide the Asset Recovery Unit, United States Attorney's Office, 201 Third Street NW, Suite 900, Albuquerque, New Mexico 87102, (1) a completed and signed financial statement provided to the Defendant by the United States Attorney's Office and/or the United States Probation Office and (2) a copy of the Defendant's most recent tax returns.

## WAIVER OF APPEAL RIGHTS AND POST-CONVICTION RIGHTS

21.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, as well as any order of restitution entered by the Court. This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence.

22.     The Defendant also waives the right to appeal any sentence imposed below or within the guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation guideline range.

23.     The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).

24.    In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

25.    Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

a.    Following sentencing, the United States will move to dismiss Counts 1 and 3.

b.    The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment.

## VOLUNTARY PLEA

26.    The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OR REJECTION OF PLEA AGREEMENT

27.    The Defendant agrees that if the Court finds by a preponderance of the evidence that the Defendant has violated any provision of this agreement, the United States will be released from its obligations under the agreement. In such a case, or where the Court has rejected the plea agreement or has functionally rejected it by failing to accept the agreement within six months of its entry (except where the United States, in its sole discretion, agrees to an extension

9

of that time) the United States is released from its obligations under the plea agreement and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

28.     The Defendant further agrees that in the event the Court finds that Defendant has breached this plea agreement, thus releasing the United States of its obligations under the agreement, such events do not constitute a fair and just reason under Rule 11(d)(2)(B) for withdrawing the guilty plea(s) entered pursuant to this agreement.

29.     Following the Court's finding of a breach of this agreement by the Defendant, or rejection or functional rejection of the agreement by the Court, should the United States choose to pursue any charge that was either dismissed or not filed as a result of this agreement, the Defendant waives any defense to that charge or charges based on the lapse of time between the entry of this agreement and such event.

## SPECIAL ASSESSMENT

30.     At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $ 100  in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

31.     This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this __5th__ day of __February__, 2025.

ALEXANDER M.M. UBALLEZ
United States Attorney

Mia Ulibarri-Rubin
Nicholas J. Marshall
Assistant United States Attorneys
Albuquerque, New Mexico   87102
(505) 346-7274

I have carefully discussed every part of this agreement with my client.   Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Dennis J. Candelaria
Attorney for the Defendant

I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement.

ORLYN VIGIL
Defendant

11