IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | No. 24-CR-546 KWR |
| ) | |
| vs. ) | |
| ) | |
| **ORLYN VIGIL**, ) | |
| ) | |
| Defendant. ) | |

### UNITED STATES' SENTENCING MEMORANDUM AND REQUEST FOR VARIANCE

The United States respectfully submits this Sentencing Memorandum for this Court's consideration in advance of Defendant Orlyn Vigil's sentencing hearing on May 13, 2025. On February 5, 2025, Defendant pled guilty to Count 2 of an indictment, charging 18 U.S.C. §§ 1153 and 113(a)(3), that being Assault with a Dangerous Weapon. The United States now asks this Court to impose a sentence of up to 27 months, a sentence below the guideline imprisonment range of 37 months to 46 months. There are no objections to the presentence report.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On November 16, 2021, officers with the Jicarilla Apache Police Department were dispatched to a private residence within the exterior boundaries of the Jicarilla Apache Nation for reports of a domestic violence incident in progress. Upon arrival, officers made contact with Jane Doe, who was sitting in the road, against a blue Ford Mustang and crying uncontrollably. Officers noted that she had her pant legs rolled up to her knee and fresh abrasions were visible on her knees and lower legs. Jane Doe stated that her husband, Orlyn G. Vigil, had hit her with the vehicle when she tried to call police. She identified her husband, Orlyn Vigil, as one of three individuals running from a residence next door. When officers asked her if she could move her legs, she was able to move them a little, sighed in pain, and then stated that her

legs were still fractured from a training for her employment at the Jicarilla Apache Department of Corrections. She explained that she had injured her knees during the training. PSR ¶ (12).

Jane Doe later stated that she and her husband started arguing earlier in the day, at one point she turned to walk away during their argument and heard Vigil's feet shuffling. She turned back around right as Vigil began to choke her with two hands and shake her, while yelling, "I f**king hate this s**t. I hate when you do this to me." She recalled being unable to breathe during this time. Officers noted a red abrasion under her chin and that her right ear was noticeably red. Jane Doe stated he then dragged her a few feet and threw her into the trash cans. Eventually she stood up and started to walk away, but felt Vigil push her, which caused her to fall and scrape her knees. Vigil then left in an SUV and Jane Doe went inside to find her phone but was unable to locate it until she went back outside to where the altercation occurred. She eventually heard Vigil state that he was taking the blue Ford Mustang, but she was looking at her phone and walking towards her own SUV when she was struck by the blue Ford Mustang. She then felt instant pain to her knee (PSR ¶ 15).

There is a history of domestic violence. The Defendant has ben convicted multiple times of domestic violence in tribal court (PSR ¶ 43, 44, 46, 48, 49).

## II.   SENTENCING GUIDELINES COMPUTATION

The United States agrees with Probation's computation of the applicable sentencing guideline range:

| ACTION | NUMBER | REFERENCE OR COMMENT |
|---|---|---|
| Base Offense Level | 14 | USSG § 2A2.2(a) |
| Adjustment | +4 | USSG § 2A2.2(b)(2)(B) |
| Adjustment | +3 | USSG § 2A2.2(b)(3)(A) |
| Adjustment | +3 | USSG § 2A2.2(b)(4) |
| Adjustment – Acceptance | -3 | USSG § 3E1.1 |
| Total Offense Level | 21 | |
| Estimated Criminal History Category | I | |
| Advisory Sentencing Range (months) | 37-46 | |

### III. ARGUMENT

The United States Sentencing Guidelines (Guidelines) are advisory. *See United States v. Booker*, 543 U.S. 220, 233 (2005). A district court cannot presume that a guideline sentence is reasonable and must conduct an analysis using both the guidelines and the sentencing statutes. *Rita v. United States*, 551 U.S. 338, 347-48 (2007).

The statutory sentencing factors a court must consider include: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed — (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(1), (2)(A)-(D). The United States submits that these factors support a guideline sentence of 27 months.

> 1. **The Nature and Circumstances of the Offense and Defendant's History and Characteristics Warrant a Guideline Sentence.**

The nature and circumstances of the offense and the history and characteristics of the defendant include the conduct surrounding the offense for which the defendant was convicted, as well as his character and background. *See United States v. Gantt*, 679 F.3d 1240, 1250 (10th Cir. 2012); *United States v. Sanders*, 2024 WL 1434088, at *6 n.4 (10th Cir. Apr. 3, 2024) (unpublished) (quoting 18 U.S.C. § 3661).

The Defendant has struggled with alcoholism for most of his life. According to his wife, he becomes violent and aggressive when he drinks. She sees his drinking as the main source of his violence toward her and is the main issue in their family. The Defendant is also the main

provider for his family. His family does depend on his income and support as well as benefits for his children.

1. **The Nature and Circumstances of the Offense and Defendant's History and Characteristics Warrant a Variance to the Agreed Upon 27 Months.**

The nature and circumstances of the offense and the history and characteristics of the defendant include the conduct surrounding the offense for which the defendant was convicted, as well as his character and background. *See United States v. Gantt*, 679 F.3d 1240, 1250 (10th Cir. 2012); *United States v. Sanders*, 2024 WL 1434088, at *6 n.4 (10th Cir. Apr. 3, 2024) (unpublished) (quoting 18 U.S.C. § 3661).

The Defendant has struggled with alcoholism for most of his life. According to his wife, he becomes violent and aggressive when he drinks. She sees his drinking as the main source of his violence toward her and is the main issue in their family. The Defendant is also the main provider for his family. His family does depend on his income and support as well as benefits for his children.

Much of the Defendant's criminal history has ben tribal convictions or convictions that do not warrant any points for a total criminal history of I.

2. **A Slight Downward Variance Will Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment and Adequate Deterrence.**

The United States requests that the Court impose a sentence of 27 months imprisonment. This term of imprisonment is appropriate given the consideration of the factors discussed above, including circumstances of the offense and defendant's personal and criminal history. It adequately punishes defendant for his actions, protects the public from future crimes by defendant, and deters him from committing further crimes.

3. **A 27 Month Sentence Would Avoid Unwarranted Sentencing Disparities Between Defendants Who Have Committed Similar Acts.**

Finally, a sentence of 27 months would prevent unwarranted sentencing disparities between similarly situated defendants. It accounts for the seriousness of his criminal history and pattern of domestic violence and his history with alcohol abuse, while considering his willingness to work on his alcohol abuse and providing for his family. A sentence of 27 months appropriately reflects the Defendant's criminal history, personal history, and behavior. The Government believes that a slight downward variance to 27 months would be appropriate in this case.

## CONCLUSION

Based on the foregoing, the United States respectfully requests that the Court sentence Defendant to a sentence of 27 months imprisonment.

Respectfully submitted,
**RYAN ELLISON**
United States Attorney

*/s/ Electronically filed April 30, 2025*
**MIA ULIBARRI-RUBIN**
Assistant United States Attorney
201 3rd St. NW
Albuquerque, NM 87102
(505) 224-1436

**CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY on this the 30th day of April 2025, I filed the foregoing document electronically through the CM/ECF system. Pursuant to the CM/ECF Administrative Procedures Manual, §§ 1(a), 7(b)(2), such filing is the equivalent of service on parties of record.

*/s/ Electronically filed April 30, 2025*
**MIA ULIBARRI-RUBIN**
Assistant United States Attorney
201 3rd St. NW
Albuquerque, NM 87102
(505) 224-1436